**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF MISSOURI**
**WESTERN DIVISION**

| | | |
|---|---|---|
| TRAE L. WINN, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | No. 4:12-cv-0210-DGK |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER DENYING MOTION FOR POSTCONVICTION RELIEF AND**
**CERTIFICATE OF APPEALABILITY**

This habeas petition arises out of Movant Trae Winn's convictions for possession with intent to distribute less than 50 kilograms of marijuana and use of a firearm during and in relation to a drug trafficking offense. Winn is currently serving consecutive sentences of 126 months imprisonment.

Pending before the Court is Winn's *pro se* "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence" (Doc. 1). Winn asserts four claims of ineffective assistance of counsel. Finding no merit to any of Winn's factual allegations, the Court holds an evidentiary hearing is unnecessary, denies the motion, and declines to issue a certificate of appealability.

**BACKGROUND**

Movant agrees that the Government's summary of the procedural history and factual background of this case is correct, and so the Court substantially adopts it.

The facts are as follows. On Thursday, March 20, 2008, at approximately 11:00 a.m., Movant Trae L. Winn was involved in a high speed car chase on 63rd Street from Swope Parkway to Brookside Boulevard, in Kansas City, Missouri. Winn was driving a red Camaro that was being chased by a maroon Chevrolet Impala and a purple Pontiac Bonneville. The cars

were going in excess of 60 mph westbound on 63rd Street. A witness saw someone in the Bonneville firing a gun at the Camaro.

The chase ended when Winn's Camaro broadsided a pick-up truck at the intersection of 63rd and Brookside Boulevard. After the collision, Winn got out of the car and began firing a .45 caliber semi-automatic pistol at the maroon Pontiac. A passenger in the Pontiac got out of the car and began firing at Winn with what appeared to be an assault rifle. Numerous shots were fired which struck parked cars and businesses in the area. The Impala and the Pontiac left the area. Winn placed the .45 handgun on the hood of his car and waited for the police to arrive.

A consent search of the red Camaro at the City tow lot uncovered two white plastic bags. The bags held three plastic bags of marijuana weighing 80.07 grams, 34.92 grams, and 46.54 grams, a silver digital scale, and multiple clear plastic baggies.

On April 14, 2008, a federal grand jury returned a two count indictment against Winn. Count One charged him with possession with intent to distribute less than 50 kilograms of marijuana, a violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(D). Count Two charged him with using a firearm during and in relation to a drug trafficking crime, a violation of 18 U.S.C. §§ 924(C)(1)(a)(iii), 924(C)(2).

On April 1, 2009, after hearing three days of testimony, a jury convicted Winn of both counts. On July 15, 2009, this Court sentenced Winn to six months imprisonment on Count One and 120 months on Count Two, to be served consecutively. Winn appealed, and on December 9, 2010, the Eighth Circuit affirmed his conviction. *United States v. Winn*, 628 F.3 d 432, 434 (8th Cir. 2010). On February 13, 2012, Winn timely filed the pending motion to vacate his sentence and conviction pursuant to 28 U.S.C. § 2255.

Case 4:12-cv-00210-DGK   Document 9   Filed 08/16/12   Page 2 of 10

## DISCUSSION

### A.     Winn did not receive ineffective assistance of counsel.

In his motion, Winn asserts four claims of ineffective assistance of counsel.  To succeed on a claim of ineffective assistance of counsel, a movant must show that "(1) trial counsel's performance was so deficient as to fall below an objective standard of the customary skill and diligence displayed by a reasonably competent attorney, and (2) trial counsel's deficient performance prejudiced the defense."  *Armstrong v. Kemna*, 534 F.3d 857, 863 (8th Cir. 2008) (citing *Strickland v. Washington*, 466 U.S. 668, 687-94 (1984)).  Thus, the analysis contains two prongs, a performance prong and a prejudice prong.  *See Lawrence v. Armontrout*, 961 F.2d 113, 115 (8th Cir. 1992).  Failure to satisfy either prong is fatal to the claim.  *See Pryor v. Norris*, 103 F.3d 710, 713 (8th Cir. 1997).

Judicial review of trial counsel's performance is highly deferential, "indulging a strong presumption that counsel's conduct falls within the wide range of reasonable professional judgment."  *Middleton v. Roper*, 455 F.3d 838, 846 (8th Cir. 2006).  Trial counsel's "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable."  *Strickland*, 466 U.S. at 690.  Strategic choices made in the shadow of a lack of preparation or investigation, however, are not protected by the same presumption.  *Armstrong*, 534 F.3d at 864.

Concerning the prejudice prong, the movant must show that the outcome of his proceeding would have been different but for counsel's error.  *Williams v. Taylor*, 529 U.S. 362, 391-93 (2000).  A court may examine the "prejudice" prong of a claim first without determining whether the representation fell below the objective standard of reasonableness.  *McCann v. Armontrout*, 973 F.2d 655, 660 (8th Cir. 1992).  If the movant cannot demonstrate prejudice,

then the Court need not consider the reasonableness of counsel's performance.  *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996).

In the present case, Winn contends his attorney was ineffective by (1) wrongly advising him to reject a seven year plea deal; (2) allegedly adopting a self-defense strategy rather than a general denial strategy; (3) failing to impeach a government witness; and (4) failing to move for a mistrial during a bench conference.  As the record makes clear, there is no factual basis for any of these claims.

**1.      Counsel did not fail to advise him of alternatives to going to trial.**

In his first claim, Winn asserts that the Government offered him a seven year plea deal, and he rejected it because his attorney told him the jury would acquit him on a self-defense theory.  There is no evidence in the record supporting this claim.

As a threshold matter, Winn's assertion that the Government made a seven year plea offer is too conclusory for the Court to rely on to either grant the Petition or order an evidentiary hearing.  Although Winn has repeatedly claimed that there was a seven year plea offer on the table, he has never provided any specifics or details about the circumstances under which this offer was allegedly made.  In his affidavit, as in his briefing, Winn merely asserts that, "I was offered a sentence of seven years via plea agreement from the Government."  Winn Aff. (Doc. 1-2), at ¶1.  Although the court construes *pro se* pleadings liberally, this principle will not save a wholly conclusory allegation in a § 2255 motion from summary dismissal.  *See Fischer v. United States*, No. 4:09-CV-1783 CAS, 2010 WL 3719934, at *8 (E.D. Mo. Sept. 13, 2010).

The record, in fact, makes clear that no such offer was ever made.  Both the Government and defense counsel deny there was ever any specific plea offer made in Winn's case.  Counsel for the Government reports, "[t]he Government attempted to determine if Winn had any intention to enter a plea of guilty, but Winn refused to initiate any discussion about it.  Therefore, the

4

Government never advanced *any* specific offer."  Gov't Resp. (Doc. 6), at 6 (emphasis added).

Defense counsel confirms that,

> . . . there was never a plea offer from the Government of a seven
> (7) year sentence in exchange for his plea of guilty to the Section
> 924 violation.  As a consequence, counsel never communicated a
> non-existent plea offer.  In addition, counsel states that defendant
> advised counsel from the beginning of the representation that he
> (defendant) would not entertain *any* plea of guilty but insisted upon
> taking his case to trial.  Counsel attempted on numerous occasions
> to persuade defendant to negotiate a plea agreement rather than
> face trial, even going so far as arranging a conference between
> defendant, the assistant United States Attorney and the case agents,
> pursuant to a Kastigar agreement.  However, the conference ended
> in failure when defendant refused to identify his attackers.

Hall Aff. (Doc. 6-1), at 1 (emphasis in original).

Because defense counsel could not have been ineffective for failing to recommend a plea

offer which was never made, this portion of the motion is denied.

### 2. Counsel did not eschew a trial strategy of general denial in favor of self-defense.

In his second argument, Winn claims that his attorney was ineffective because he

purportedly adopted a trial strategy of self-defense rather than a trial strategy of general denial.

This is not the case, the record indicates that a general denial was always the defense

strategy.  In his affidavit, Defense counsel states

> the defense asserted by defendant at trial was "general denial," as
> reflected in the record on numerous occasions.  The fact the
> defendant also claimed that he discharged his firearm in lawful
> self-defense did not preclude the defense of general denial, as
> asserted by Mr. Winn in his petition, but served only to attempt to
> rebut the inference that defendant discharged his firearm "during
> or in relation to" a drug trafficking crime.

Hall Aff. (Doc. 6-1), at 1-2.  The motion in limine filed by counsel and the trial transcript

confirm this statement.  Defense counsel wrote in the motion in limine that, "[t]he defense is

general denial, including knowledge of the presence of the marijuana."  *United States v. Winn*,

No. 4:08-cr-0110-DGK, (W.D. Mo. Jan. 30, 2009), Doc. 45. Additionally, during a bench conference, defense counsel corrected the Government when it suggested that Defendant was asserting a defense other than general denial, stating that "No, no. My defense has always been general[ ] denial." Trial Tr. vol. 2, 410, March 31, 2009. Although defense counsel did submit a self-defense instruction, it is clear from the transcript that he did so only to ensure that he could argue to the jury in his closing that discharging a firearm is not always unlawful, and that he was not abandoning his general denial theory of defense. Trial Tr. vol. 3, 444-45.

Thus, there is no merit to this portion of the motion.

**3.     Counsel did not fail to impeach a Government witness testifying about Winn's prior bad acts.**

Next, Winn argues his attorney failed to impeach a Government witness testifying about a prior bad act, specifically an arrest involving a handgun, currency, marijuana, and cocaine, among other things. Winn contends his attorney was not prepared to impeach the witness because he failed to investigate the facts of the alleged prior bad act.

Again, Winn's claim is contradicted by the record. In his affidavit, defense counsel denies that he failed to investigate, noting he "reviewed the police reports of the prior bad acts evidence and discussed the matter with his client on numerous occasions." Hall Aff. (Doc. 6-1), at 2. Defense counsel also observes that he filed the motion in limine and conducted extensive cross-examination of the witness testifying about the prior bad act. *Id.*

The record corroborates these statements. Defense counsel's motion in limine discussed the facts of this prior arrest in detail, demonstrating that defense counsel conducted a thorough investigation and was very familiar with the allegations. *United States v. Winn*, No. 4:08-cr-0110-DGK (W.D. Mo. Jan. 30, 2009), Doc. 45. The trial transcript also shows that defense counsel repeatedly attempted to exclude the evidence by objecting both before and after the

6

witness's testimony.  Trial Tr. vol. 2, 264, 268, 270, 271, 273, 281.  It also shows he devoted his

cross-examination to discrediting the witness' ability to recount the facts.  *Id.* at 275-80.

Thus, counsel was not ineffective, and this portion of the motion is denied.

**4.      Counsel was not ineffective for failing to move for a mistrial during a bench conference, because such a motion was not justified by the facts or the law.**

Finally, Winn argues his attorney was ineffective for failing to move for a mistrial during

a bench conference.  During the bench conference, counsel for the Government commented

about a previous incident where Winn allegedly sold cocaine to an undercover detective.  Winn

asserts counsel for the Government spoke so loudly that the jury overheard the comment, and

that attorney was ineffective for failing to move immediately for a mistrial.

This bench conference was as follows.

> MR. BECKER:  Mr. Hall has gone through a litany of how there's never been an instance where Trae Winn has sold drugs to anyone.
>
> MR. HALL:  Based on this witness' knowledge.
>
> MR. BECKER:  Well, I'll show him these reports and see if it refreshes his recollection, because Mr. Winn, in fact, did sell cocaine --
>
> MR. HALL:  Shhhh.
>
> MR. BECKER:  Did sell cocaine to an undercover detective and got a -- a diversion for that particular event.  So it's certainly, I can see if that refreshes his recollection.  Here's the statement of probable cause from that particular event.
>
> THE COURT:  Now, do you think this is information that Mr. Stanze would know about?
>
> MR. BECKER:  He knows about it.  I wish he would have remembered it, but he didn't.
>
> MR. HALL:  That has to do with cocaine, not marijuana.  That is not endorsed 404(b) evidence.
>
> MR. BECKER:  But that's right.

7

THE COURT: Did you say drugs in your question, though? Why don't we -- it might -- I'm just thinking out loud here. It might be important to voir dire this witness outside the hearing of the jury to find out some of this.

MR. HALL: Well --

THE COURT: I'm troubled by this. I'm troubled by letting this in. I'm worried about the balance of probative value versus under prejudice obviously.

MR. BECKER: I certainly wasn't going to introduce it. There was no -- but until this litany of questions, has Trae Winn never sold drugs to anybody. That's just simply not true.

THE COURT: Let's take a recess. Let's take a little bit of a recess and talk about this. This is kind of an important issue. So let me talk to the jury.

Trial Tr. vol. 2, 357-58.[1]

Although the fact that defense counsel said "Shhhh" during the sidebar suggests that Government counsel was speaking a little too loudly, it does not follow that counsel was speaking so loudly that Winn's attorney should have moved for a mistrial, or, if he had, that the Court would have granted the motion. Indeed, after reviewing the record, the Court is firmly convinced that if defense counsel had made such a motion, the Court would have denied it. The Court notes its courtroom is equipped with "white noise" equipment which is used during every bench conference so that the jury cannot hear anything the Court or the attorneys say, even if they are speaking too loudly.

In sum, although counsel did say "Shhh," the Court is certain no jurors heard any part of this conversation, thus there is no merit to this claim.

---

[1] In his brief, Winn states the incident is recorded at transcript pages 355-57, but there are no bench conferences reported at this point in the record. Winn appears to be referring to an incident reported at pages 357-58.

**B.     No evidentiary hearing is required.**

"A petitioner is entitled to an evidentiary hearing on a section 2255 motion unless the motion and the files and records of the case conclusively show that he is entitled to no relief." *Anjulo-Lopez v. United States*, 541 F.3d 814, 817 (8th Cir. 2008) (internal quotation marks omitted). "No hearing is required, however, 'where the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based.'" *Id.* (quoting *Watson v. United States*, 493 F.3d 960, 963 (8th Cir. 2007)); *see also Sanders v. United States*, 347 F.3d 720, 721 (8th Cir. 2003) (holding a § 2255 motion may be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle him to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact). In the present case, Winn's claims are meritless on their face, thus no evidentiary hearing will be held.

**C.     No certificate of appealability should be issued.**

In order to appeal an adverse decision on a § 2255 motion, a movant must first obtain a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(B). District courts customarily address this issue contemporaneously with the order on the motion. *See Pulliam v. United States*, No. 10-3449-CV-S-ODS, 2011 WL 6339840, at *4 (W.D. Mo. Dec. 16, 2011).

A certificate of appealability should be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requires the movant to demonstrate "that reasonable jurists could debate whether (or for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 464 U.S. 800, 893 n.4 (1983)). No

reasonable jurist could grant this § 2255 motion, and so the Court will not issue a certificate of appealability.

**Conclusion**

For the reasons discussed above, the motion (Doc. 1) is DENIED and the Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Date:   August 16, 2012                                        /s/ Greg Kays
                                                               GREG KAYS, JUDGE
                                                               UNITED STATES DISTRICT COURT